Angelina V. **CAMMAROTA,**
Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.**
No. 69–CV–387.

United States District Court,
N. D. New York.
July 13, 1971.

Lombardi & Reinhard, Schenectady, N. Y., for plaintiff; William J. Rodgers, Schenectady, N. Y., of counsel.

James M. Sullivan, Jr., U. S. Atty., Syracuse, N. Y., for defendant; Joseph R. Brennan, Asst. U. S. Atty., Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

### MEMORANDUM—DECISION and ORDER

The action is one under Section 205 (g) of the Social Security Act to review a final decision of the Secretary denying the plaintiff, Angelina V. Cammarota, widow's benefits under 202(e) of the Act, 42 U.S.C. § 402(e). In separate motions the defendant Secretary moves for summary judgment dismissing the complaint and affirming the decision, and the plaintiff requests summary judgment reversing the decision. The wage earner, Anthony Cammarota, a resident of Italy, married one Annarosa Mone there in 1928. In March 1930, he came to the United States leaving his wife and two daughters in Italy. Apparently, there was some exchange of letters between them for a few years,

but there was no further contact between them. The wage earner settled in New York State and during a period of army service during World War II and specifically on September 4, 1942, obtained a Mexican divorce. It is admitted that neither he nor his wife still in Italy appeared before the Mexican court, and the wife had no personal notice of the action. Within a very short period subsequent to the divorce, he married the plaintiff in this action, Angelina. They lived as husband and wife in the City of Schenectady until his death on December 1, 1963.

Anthony Cammarota applied for social security benefits in October 1963, but a determination was not made until March 19, 1964, subsequent to his death on December 1, 1963. The plaintiff was awarded wife's insurance benefits from August 1963 based on a determination of Anthony's disability, and widow's insurance benefits beginning December 1963. On September 16, 1965, the first wife filed an application for widow's benefits, alleging that her marriage to the wage-earner did not end until his death because of the invalidity of the Mexican divorce. The plaintiff's benefits were terminated as of February 1969, but the hearing examiner found that she married in 1942 in good faith and was entitled to the benefits she received for the period prior to March 1969. The hearing examiner found Annarosa is the legal widow because the wage-earner never obtained a valid divorce.

■ Section 216(h) (1) (A) of the Social Security Act (42 U.S.C.A. § 416 (h) (1) (A)) provides that an applicant is the wife or widow of an insured individual if the courts of the state in which he was domiciled at the time of his death would find that the applicant and the insured were validly married at the time of his death. It is agreed that the law of New York applies. (See Rocker v. Celebrezze, 2 Cir., 358 F.2d 119). It is agreed (1) that neither party were domiciled in Mexico at the time of the divorce; (2) neither party appeared in

the court; (3) the wife residing in Italy received no notice of the action.

■ The brief memorandum submitted on behalf of the plaintiff does not appear to contest the invalidity of the divorce so far as New York is concerned, but would rely on estoppel or laches in that Annarosa, the first wife, knew that the wage-earner had married claimant and having not spoken for some twenty years may not now be heard to attack the divorce. As to this the Hearing Examiner found this not to be the fact. (p. 12, pp. 95, 96—Hearing Transcript). In my judgment, the case law in New York invariably confirms the invalidity of the Mexican divorce under the circumstances involved here. In cases where a divorce has been obtained without any personal contact with the jurisdiction by either party or by physical submission to the jurisdiction by one, with no personal service of process within the foreign jurisdiction, and no appearance or submission by the other, decision has been steady against the validity of the foreign decree. (Caldwell v. Caldwell, 298 N.Y. 146, 81 N.E.2d 60; Rosenbaum v. Rosenbaum, 309 N.Y. 371, 130 N.E.2d 902). Judge Bergan carefully reviewed this whole field in Rosenstiel v. Rosenstiel, 16 N.Y.2d 64, 262 N.Y.S.2d 86, 209 N.E. 2d 709, cert. den. 384 U.S. 971, 86 S.Ct. 1861, 16 L.Ed.2d 682. That case recognized the validity of a bilateral Mexican divorce but there are clear distinctions from this situation in that the former husband was physically within the jurisdiction plus the voluntary appearance of the other spouse by attorney. The so-called mail-order divorce is not recognized as valid.

■ In my judgment, the claim of laches must also fail. The finding of the Hearing Examiner on this point was adverse to the plaintiff. (Tr. 13). The extensive review of the New York case law in the government's extensive briefs answers completely such contention from my review. Krieger v. Krieger, 25 N.Y. 2d 364, 306 N.Y.S.2d 441, 254 N.E.2d 750, is clearly distinguished by the key finding of the Hearing Examiner that

the wife in Italy had no knowledge of the marriage to Plaintiff.

It was said about a certain case that if courts were permitted to indulge their sympathies, a case better calculated to excite them can scarcely be imagined. Cherokee Nation v. State of Georgia, 30 U.S. (5 Pet.) 1, 15, 8 L.Ed. 25 (1831). By express terms the review statute, 205(g) of the Act, restricts and limits the judicial review function. It has been stated that it is the Secretary and not the Court that is charged with resolving conflicts that may exist in the evidence, and it is immaterial that the evidence might allow conclusions inconsistent with that made by the Secretary. (Thomas v. Celebrezze, 4 Cir., 331 F.2d 541, 543). The law must be followed. The decision is supported by substantial evidence.

The motion by defendant for summary judgment is granted and the motion of plaintiff for the same relief is denied. The Clerk is directed to enter judgment in favor of the defendant, affirming the decision of the Secretary and dismissing the complaint.

It is so ordered.